■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLARENCE HAYES, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, entered November 10, 1964, which, without a hearing, denied his application to vacate a judgment of the former County Court, Kings County, rendered March 5, 1962, convicting him, on his plea of guilty after trial, of rape in the first degree, and imposing sentence. This court previously affirmed the judgment (18 A D 2d 1137); leave to appeal to the Court of Appeals was denied July 1, 1963, per Fuld, J. Order affirmed. No opinion. Beldock, P. J., Ughetta, Hill and Benjamin, JJ., concur; Christ, J., concurs in the result, with the following memorandum: Although I concur in the result, I should like to note a disapproval of the procedure under which the plea of guilty was taken in this case. Following a full trial, defendant was convicted by the jury upon the three counts charged in the indictment, namely: rape in the first degree and robbery and burglary (both in the second degree). Thereupon the defendant, in the belief that he would help himself by making a complete confession, fully confessed commission of the crimes outlined in the indictment and of which he had been found guilty by the jury. Upon the basis thereof, the court permitted the verdict to be set aside. Thereafter the defendant pleaded guilty to rape in the first degree in satisfaction of the indictment and the sentence on this count ensued. The record is barren of anything which would indicate that the trial was conducted unfairly or that the jury's verdict was in any manner erroneous and no extenuating circumstance was developed to show that the result was in any manner harsh. A jury verdict should not so lightly and easily be disregarded. To do so is an inherently suspicious procedure which is prejudicial to the People and ought not be utilized except under extraordinarily unusual circumstances. Certainly, it should not be countenanced merely because an accused seeks to help himself after receiving an unfavorable jury verdict.